H. B. Phillips, et al., *v.* J. D. Claybrook, et al.

Judicial Sale—Measure of Damages Where Wrong Property Is Sold.
　Where the sheriff by mistake levies upon and sells property which does not belong to the defendant, the measure of damages that the owner is entitled to recover is the value of the property with interest on said value from the time he was deprived of the possession. The owner in such a case is not entitled to vindictive damages.

## APPEAL FROM WASHINGTON CIRCUIT COURT.

### November 23, 1876.

OPINION BY JUDGE ELLIOTT:

The lower court did not err in refusing to permit appellants to read the evidence of Piper contained in a bill of exceptions in another cause, and question him as to whether he swore in said cause what by said bill he is said to have sworn. The court permitted appellants to ask appellee, Piper, what he did swear in said other case about his purchase of the saw mill, and that said statement was inconsistent with his evidence on the trial of this cause. They were permitted to fully prove by Piper, which was all they were entitled to. But we are of opinion that the instructions of the court were erroneous to appellants' prejudice.

By instruction C the jury are told that Bosley, the sheriff, had no right to bid for appellant, Phillips, or any one else at a sale made by himself as sheriff, and that if he did so bid for Phillips, and that said Phillips claimed the property by virtue of said bid, then the law was for the appellees, and the jury should so find. It will be seen that this instruction makes the right of appellees to recover depend not upon the fact that they were the owners of the property when they brought their suit, but upon the fact that the sheriff had bid for appellant, Phillips, at the execution sale of the property, and that Phillips derived his title through said bid.

If said bid so made by the sheriff was illegal, the only effect was that no sale was made, and it would have been his duty to readvertise the property for sale in satisfaction of Phillips's execution. The failure of Phillips to acquire title by his bid certainly did not vest any title in the appellees, and yet by instruction C their right to recover is made to depend upon the validity of Phillips's bid.

Instruction D is also erroneous. By it the jury are told that they should, if their verdict is for the appellees, find such damages, in addition to the value of the property in dispute, as they believe from all the facts and circumstances proven they are entitled to. This instruction was misleading, as under it the jury may have found even what profits they imagined appellees could have made by running said saw mill if they had not been dispossessed by said sheriff's levy.

The true criterion of damages in a case where by mistake the sheriff levies on property which does not belong to the defendant in the execution, is the actual value of the property, with the right to find the interest on said actual value from the time said owner was de-

prived of the possession thereof, by way of damages. In such a case the owner is not entitled to smart money or vindictive damages.

Wherefore said judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Lindsey, for appellants. Hays, Brown & Lewis, for appellees.*